LEON J. PAGE, COUNTY COUNSEL
LAURA D. KNAPP, SUPERVISING DEPUTY (CA SBN 162800)
laura.knapp@coco.ocgov.com
D. KEVIN DUNN, SENIOR DEPUTY (CA SBN 194604)
kevin.dunn@coco.ocgov.com
REBECCA S. LEEDS, SENIOR DEPUTY (CA SBN 221930)
rebecca.leeds@coco.ocgov.com
KAYLA N. WATSON, DEPUTY (CA SBN 286423)
kayla.watson@coco.ocgov.com
333 West Santa Ana Boulevard, Suite 407
Post Office Box 1379
Santa Ana, California 92702-1379
Telephone: (714) 834-3300
Facsimile: (714) 834-2359

Attorneys for Defendants DON BARNES
and ORANGE COUNTY, CALIFORNIA

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MELISSA AHLMAN, DANIEL KAUWE, MICHAEL SEIF, JAVIER ESPARZA, PEDRO BONILLA, CYNTHIA CAMPBELL, MONIQUE CASTILLO, MARK TRACE, CECIBEL CARIDAD ORTIZ, and DON WAGNER, on behalf of themselves and all others similarly situated, *et al.*,<br><br>Plaintiffs/Petitioners,<br><br>v.<br><br>DON BARNES, in his official capacity as Sheriff of Orange County, California; and ORANGE COUNTY, CALIFORNIA.<br><br>Defendants/Respondents. | Case No.   8:20-cv-00835-JGB-SHK<br><br>Assigned to the Honorable Jesus G. Bernal<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' NOTICE OF RELATED CASE(S), AND TRANSFER THEREOF**<br><br>Action Filed:   April 30, 2020 |

**TO PLAINTIFFS; THEIR ATTORNEYS OF RECORD AND ALL OTHER INTERESTED PARTIES:**

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

Defendants, DON BARNES and ORANGE COUNTY, CALIFORNIA (collectively "Defendants"), hereby object to the Notice of Related Case ("Notice") filed by Petitioners/Plaintiffs ("Plaintiffs") in this matter and the subsequent transfer of this case. Plaintiffs not only wholly failed to serve Defendants with their Notice, but they admittedly failed to indicate that they believed the case was related on their civil cover filing sheet, resulting in a transfer of the matter to a new judge without providing Defendants any opportunity to respond or object to the Notice. (See Notice, fn. 1.) Substantively, Plaintiffs' Notice not only fails to comply with L.R. 83-1.3, but this matter is more closely related to the earlier-filed Central District Court case of *Mark Moon, et al. v. County of Orange, et al.*, Case No. 8:19-cv-00258-JVS-KES, to which Defendants have concurrently filed their own Notice of Related Case. For each of these reasons, Defendants respectfully request that the Court sustain their objections herein and enter an order vacating the transfer of this matter.

The Central District Local Rules for determining whether or not cases should be related establish specific criteria for evaluating the relatedness of separately filed actions. Under L.R. 83-1.3, cases may be deemed related when they:

(a) "arise from the *same or closely related* transaction, happening, or event"; or

(b) "call for determination of the *same or substantially related or similar* questions of law *and* fact;" or

(c) "*for other reasons*[,]," will "entail substantial duplication of labor if heard by different judges;" or

(d) "involve the same patent, trademark or copyright, and one of the factors identified ... in a, b, or c is present."

L.R. 83-1.3 (emphasis added).

Here, Plaintiffs claim that the present case should be related to the Central District cases of *Kelvin Hernandez Roman v. Chad F. Wolf*, No. 5:20-cv-00768-JTH-PVC, and *Fraihat v. ICE*, No. 5:19:cv-01546-JGB, because they "call for determination of the same or substantially related or similar questions of law and fact," claiming that, like plaintiffs in *Roman*, Plaintiffs here "allege that that they are at an extremely high risk of serious illness or death as a result of a detention facility's failure to limit and or address the risk of a COVID-19 outbreak."

Although this present case may rely on similar legal theories, at issue here are transactions, happenings, and events that are clearly different from, and wholly unrelated to, those involved in *Roman* and *Fraihat*. Plaintiffs concede that, at a minimum, the factual records of the facilities at issue will be markedly different, as one is an ICE processing center and the other a jail. In addition, the two cases involve completely different parties—there is no overlap with any of the plaintiffs or defendants, different criteria for detention, different policies and procedures, and different applicable law. There are no overlapping questions of law *and* fact, which is what the Rule requires. The transfer of the matter therefore cannot be justified, and the existence of any intersecting legal issues is inconsequential.

In contrast, the *Moon* case, which Defendants request be related to this matter, was not only filed on February 8, 2019, before *Fraihat* and *Roman*, filed on August 19, 2019 and April 13, 2020, respectively, does call for the "determination of the same or substantially related or similar questions of law and fact" pursuant to Local Civil R. 83-1.31.1. *Moon* plaintiffs recently filed a class action complaint for injunctive relief for a putative class of inmates detained at the jail facilities operated by Defendants in Orange County, California and recently filed an ex parte application for emergency order regarding those inmates with respect to the COVID-19 issue. (See Defendants' Notice of Related Case, filed concurrently herewith.) Plaintiffs here, just like the *Moon* plaintiffs, allege that they are at an extremely high risk of serious illness or death as a result of a detention

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

facility's failure to limit and or address the risk of a COVID-19 outbreak. Both this case and the *Moon* case both share commonality of both the underlying factual records of the same facilities, the Orange County jail facilities, as well as the facts regarding the standards of public health guidance in light of the COVID-19 crisis and the steps that detention facilities should take with respect to social distancing, personal protective equipment, hygiene, and testing, are the same. Both cases involve a determination of the legal obligations that detention facilities have to protect detainees from the serious risk of harm created by the current public health crisis.

    For each of these reasons, Defendants respectfully request that this Court sustain their objections herein to Plaintiffs' Notice of Related Case and enter an order vacating its transfer of this matter.

Respectfully submitted,

LEON J. PAGE, COUNTY COUNSEL
D. KEVIN DUNN, SENIOR DEPUTY

DATED: May 7, 2020    By:   /S/_____
D. Kevin Dunn, Senior Deputy

Attorneys for Defendants DON BARNES and ORANGE COUNTY, CALIFORNIA

# CERTIFICATE OF SERVICE

I do hereby declare that I am a citizen of the United States employed in the County of Orange, over 18 years old and that my business address is 333 W. Santa Ana Blvd., Ste. 407, Santa Ana, California 92701; and my e-mail address is simon.perng@coco.ocgov.com. I am not a party to the within action.

[ ] (BY U.S. MAIL) On _____, I caused the document, **DEFENDANTS' OBJECTIONS TO PLAINTIFFS' NOTICE OF RELATED CASE(S), AND TRANSFER THEREOF** to be placed in an envelope(s) addressed as shown below (last known addresses) for collection and mailing at Santa Ana, California, following our ordinary business practices. I am readily familiar with this office's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

[**X**] (BY CM/ECF) On **May 7, 2020**, I caused the aforementioned document to be served upon all counsel of record in this action who are registered with the United States District Court's CM/ECF system and listed below by utilizing the United States District Court's CM/ECF system:

MITCHELL KAMIN (SBN 202788)
mkamin@cov.com
AARON LEWIS (SBN 284244)
alewis@cov.com
BRITTANY BENJAMIN (SBN 323968)
bbenjamin@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
Facsimile: (424) 332-4749

CASSANDRA STUBBS (SBN 218849)
cstubbs@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
201 W. Main St., Suite 402
Durham, NC 27701
Telephone: (919) 682-5659
Facsimile: (919) 682-5961

STACEY GRIGSBY*
sgrigsby@cov.com
AMIA TRIGG** (SBN 282890)
atrigg@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5906

OLIVIA ENSIGN*

JOHN WASHINGTON (SBN 315991)
jwashington@sshhlaw.com
SCHONBRUN, SEPLOW, HARRIS, HOFFMAN & ZELDES LLP
11543 W. Olympic Blvd.
Los Angeles, CA 90064
Telephone: (310) 399-7040
Facsimile: (310) 399-7040

PETER ELIASBERG (SBN 189110)
peliasberg@aclu.org
AMERICAN CIVIL LIBERTIES FUND OF SOUTHERN CALIFORNIA
1313 W 8th St
Los Angeles, CA 90017
Telephone: (213) 977-9500

PAUL HOFFMAN (SBN 71244)
hoffpaul@aol.com
UNIVERSITY OF CALIFORNIA, IRVINE SCHOOL OF LAW CIVIL RIGHTS LITIGATION CLINIC
401 E. Peltason Dr., Suite 1000
Irvine, CA 92687
Telephone: (949) 824-0066

CARL TAKEI
ctakei@aclu.org
SOMIL TRIVEDI*
strivedi@aclu.org
CLARA SPERA*
cspera@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION

| | |
|---|---|
| oensign@aclu.org<br>CRISTINA BECKER*<br>cbecker@aclu.org<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>201 W. Main St., Suite 402<br>Durham, NC 27701<br>Telephone: (919) 682-5659<br>Facsimile: (919) 682-5961 | 125 Broad Street, 18th Floor<br>New York, NY 10004<br>Telephone: (212) 607-3300<br>Facsimile: (212) 607-3318<br><br>ZOE BRENNAN-KROHN** (SBN 324912)<br>zbrennan-krohn@aclu.org<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>Disability Rights Program<br>39 Drumm Street<br>San Francisco, CA 94111<br>Telephone: (415)-343-0769<br>Facsimile: (415) 255-1478 |

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed in Santa Ana, California this Seventh day of May, 2020.

_____/S/_____
Simon Perng