MITCHELL KAMIN (SBN 202788)
mkamin@cov.com
AARON LEWIS (SBN 284244)
alewis@cov.com
BRITTANY BENJAMIN (SBN 323968)
bbenjamin@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
Facsimile: (424) 332-4749

CASSANDRA STUBBS (SBN 218849)
cstubbs@aclu.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
201 W. Main St., Suite 402
Durham, NC 27701
Telephone: (919) 682-5659
Facsimile: (919) 682-5961

*Attorneys for Plaintiffs*

[Additional Counsel continued on next page]

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MELISSA AHLMAN, DANIEL KAUWE, MICHAEL SEIF, JAVIER ESPARZA, PEDRO BONILLA, CYNTHIA CAMPBELL, MONIQUE CASTILLO, MARK TRACE, CECIBEL CARIDAD ORTIZ, and DON WAGNER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> v. | Case No.: 8:20-cv-835-JGB-SHK <br><br> **PLAINTIFFS' OBJECTION TO DEFENDANTS' NOTICE OF RELATED CASE** |

1

| | |
|---|---|
| DON BARNES, in his official capacity as Sheriff of Orange County, California; and ORANGE COUNTY, CALIFORNIA | |
| Defendant. | |

[Additional Counsel continued from first page]

STACEY GRIGSBY*
sgrigsby@cov.com
AMIA TRIGG** (SBN 282890)
atrigg@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5906

OLIVIA ENSIGN
oensign@aclu.org
CRISTINA BECKER
cbecker@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
201 W. Main St., Suite 402
Durham, NC 27701
Telephone: (919) 682-5659
Facsimile: (919) 682-5961

JOHN WASHINGTON (SBN 315991)
jwashington@sshhlaw.com
SCHONBRUN, SEPLOW, HARRIS, HOFFMAN & ZELDES LLP
11543 W. Olympic Blvd.
Los Angeles, CA 90064
Telephone: (310) 399-7040
Facsimile: (310) 399-7040

PETER ELIASBERG (SBN 189110)
peliasberg@aclu.org
AMERICAN CIVIL LIBERTIES FUND OF SOUTHERN CALIFORNIA
1313 W 8th St
Los Angeles, CA 90017
Telephone: (213) 977-9500

PAUL HOFFMAN (SBN 71244)
hoffpaul@aol.com
UNIVERSITY OF CALIFORNIA, IRVINE SCHOOL OF LAW CIVIL RIGHTS LITIGATION CLINIC
401 E. Peltason Dr., Suite 1000
Irvine, CA 92687
Telephone: (949) 824-0066

| | |
|---|---|
| CARL TAKEI | ZOE BRENNAN-KROHN** |
| ctakei@aclu.org | (SBN 324912) |
| SOMIL TRIVEDI | zbrennan-krohn@aclu.org |
| strivedi@aclu.org | AMERICAN CIVIL |
| CLARA SPERA | LIBERTIES UNION |
| cspera@aclu.org | FOUNDATION |
| AMERICAN CIVIL LIBERTIES UNION | Disability Rights Program |
| FOUNDATION | 39 Drumm Street |
| 125 Broad Street, 18th Floor | San Francisco, CA 94111 |
| New York, NY 10004 | Telephone: (415)-343-0769 |
| Telephone: (212) 607-3300 | Facsimile: (415) 255-1478 |
| Facsimile: (212) 607-3318 | |

ATTORNEYS FOR PLAINTIFFS

*pro hac vice application forthcoming

**C.D. California admission application forthcoming

Plaintiffs-Petitioners ("Plaintiffs") hereby object to the Notice of Related Case ("Notice") filed by Defendants in this matter. *See* ECF No. 35. This case is *not* more closely related to *Mark Moon, et al. v. County of Orange, et al.*, No. 8:19-cv-00258-JVS-KES. Moreover, this case has been properly transferred to this Court because it is related to *Fraihat v. ICE*, No. 5:19:cv-01546-JGB-SHK.[1]

### I. This Case Is Not Related to *Mark Moon, et al. v. County of Orange, et al.*

On May 7, 2020, six days after Plaintiffs filed their Notice of Related Cases,

---

[1] Similar arguments apply to *Kelvin Hernandez Roman v. Chad F. Wolf*, No. 5:20-cv-00768-JTH-PVC. However, this opposition to Defendants' Motion focuses on *Fraihat* because this case was properly transferred to the court that is presiding over *Fraihat*.

3

*see* ECF No. 15 (May 1, 2020), and a day after this case was transferred to this Court, *see* ECF No. 35 (May 6, 2020), Defendants filed their own Notice of Related Case, urging this case to be transferred, again, claiming it is related to *Mark Moon, et al. v. County of Orange, et al.* No. 8:19-cv-00258-JVS-KES. It is not.

Unlike this case, the *Moon* case does not concern the practices of the Orange County Jail (or any other detention facility) as they pertain to the COVID-19 pandemic. Rather, the *Moon* case challenges a number of practices in the Orange County Jail System, including those concerning access to religious practices and customs, *see Mark Moon, et al. v. County of Orange, et al.* No. 8:19-cv-00258-JVS-KES, ECF No. 123 ("Third Amended Class Action Complaint"), at 6–15 (C.D. Cal Mar. 31, 2020), recording and monitoring of calls between detainees and their attorneys, *id.* at 15–53, access to proper medical care, including mental health care, *id.* at 55–66, and treatment of people with substance abuse disorders, *id.* at 67–77.

As Defendants note, the *Moon* case was filed long before the advent of the COVID-19 pandemic. *See Mark Moon, et al. v. County of Orange, et al.* No. 8:19-cv-00258-JVS-KES, ECF No. 1 (C.D. Cal Feb. 8, 2019). While it is true that the *Moon* plaintiffs filed a single, two-page *ex parte* motion seeking release of a large swath of people incarcerated at the Orange County Jail, *see Mark Moon, et al. v. County of Orange, et al.* No. 8:19-cv-00258-JVS-KES, (C.D. Cal Mar. 30, 2020), ECF No. 121, the judge in that case denied that motion within 48 hours of its filing noting that Plaintiffs did not provide any authority or evidence to support its motion. *See Mark Moon, et al. v. County of Orange, et al.* No. 8:19-cv-00258-JVS-KES, ECF No. 126 (C.D. Cal Mar. 30, 2020) (Attached as Exhibit A). Although the plaintiff in Moon filed a thin motion concerning the COVID-19 pandemic, there can be no dispute that the *Moon* case is not, at its core, a case addressing the

4

COVID-19 crisis.[2]

## II. This Case Was Properly Transferred to This Court

### a. This case is related to *Fraihat v. ICE*, No. 5:19:cv-01546-JGB-SHK.

The Plaintiffs here, like the Plaintiff-Petitioners in *Fraihat v. ICE*, No. 5:19:cv-01546-JGB-SHK, allege that they are at an extremely high risk of serious illness or death as a result of a detention facility's failure to limit and or address the risk of a COVID-19 outbreak. *See* ECF No. 15 (Plaintiffs' Notice of Related Case), ECF No. 34 (Order re: Transfer Pursuant to General Order 19-03 (Related Cases)).

Defendants argue that this case is "wholly unrelated to" *Fraihat* and *Roman* because those two cases relate to practices in Immigration and Customs Enforcement ("ICE") detention centers. But that is a distinction without a difference. This case, *Fraihat,* and *Roman* share both overlapping questions of fact and law. While the underlying factual records of the facilities at issue in this case (the Orange County Jail), *Roman* (the Adelanto ICE Processing Center), and *Fraihat* (multiple ICE detention centers) may be distinct, the facts regarding the COVID-19 epidemic, the special risks of COVID-19 in detention facilities, and the public health guidance in light of the COVID-19 crisis and the steps that detention

---

[2] The *Moon* Plaintiffs, who are represented by private attorneys, are seeking damages, *see Mark Moon, et al. v. County of Orange, et al.* No. 8:19-cv-00258-JVS-KES, ECF No. 123, at 30 (*Moon* plaintiffs seek money damages, including statutory damages), and, until the *ex parte* motion was filed, did not seek release. Plaintiffs in this case, represented by non-profit and pro bono attorneys, seek only injunctive relief.

facilities should take with respect to social distancing, personal protective equipment, hygiene, and testing, are the same. The ICE detention centers in the *Fraihat* case share essential characteristics with the Orange County Jail—particularly because many, like the Orange County Jail, are county jails.[3] Indeed, until March of 2019, Defendants maintained a contract with ICE to hold detainees in the Theo Lacy and James A. Musick facilities of the Orange County Jail.[4]

Moreover, the legal analysis applicable to pretrial detainees under the Fourteenth Amendment and Americans with Disabilities Act relies on the same caselaw as that for ICE detainees. *See Doe v. Kelly*, 878 F.3d 710 (9th Cir. 2017) (applying standards set forth in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015) and *Bell v. Wolfish*, 441 U.S. 520 (1979)—which addressed conditions of confinement of pre-trial detainees—to analyze conditions of confinement of civil immigration detainees). Stated simply: these cases involve a determination of the legal obligations that detention facilities have to protect detainees from the serious risk of harm created by the current public health crisis and it is immaterial that some are

---

[3] *See* Inspector General, U.S. Dep't of Homeland Security, *ICE Does Not Fully Use Contracting Tools to Hold Detention Facility Contractors Accountable for Failing to Meet Performance Standards*, OIG-19-18, at 3 (Jan. 29, 2019), https://www.oig.dhs.gov/sites/default/files/assets/2019-02/OIG-19-18-Jan19.pdf (identifying 87 intergovernmental contracts, including with local and county jails, to hold ICE detainees along with people in criminal custody).

[4] *See* Sean Emery & Roxana Kopetman*, Sheriff to stop holding ICE detainees in Orange County jails*, Orange County Register (Mar. 27, 2019), https://www.ocregister.com/2019/03/27/orange-county-sheriff-announces-early-end-to-ice-detainee-contract-and-temporary-closure-of-musick-jail-to-focus-on-mental-health-treatment-in-jails/; *see also* Office of Inspector General, U.S. Dep't of Homeland Security, *Management Alert on Issues Requiring Immediate Action at the Theo Lacy Facility in Orange, California*, OIG-17-43-MA (Mar. 6, 2017), https://www.oig.dhs.gov/sites/default/files/assets/Mga/2017/oig-mga-030617.pdf.

related to ICE detention centers and others to county jails.[5]

### b. Defendants had actual notice of Plaintiffs' Notice of Related Cases.

In their Objections to Plaintiffs' Notice of Related Case(s) and Transfer Thereof, ECF No. 36, Defendants assert they lacked "any opportunity to object or respond to the Notice" before the Court acted because they were not served with Plaintiffs' Notice of Related Cases at the same time Plaintiffs served the Complaint. At the time the Plaintiffs' filed the Notice of Related Case, the Defendants had not appeared. The Complaint was served on May 6, 2020, the same day this Court transferred the case. ECF No. 34; ECF No. 37; ECF No. 38. Defendants' counsel filed their objection on May 7, 2020 and filed a Notice of Related Case on May 7, 2020.

In any event, Defendants' counsel were aware of the Notice well before the Complaint was served. On May 1, 2020, Defendants' counsel sent an e-mail, *see* Exhibit B (attached), referencing an Order issued by Judge Anderson, ordering the parties to meet and confer, *see* ECF No. 16 (May 1, 2020). Plaintiffs' Notice of Related Case is the filing immediately preceding Judge Anderson's May 1 Order. Defendants' counsel later made an explicit reference to Plaintiffs' Notice of Related Case during a May 5, 2020 telephonic Meet and Confer. Thus, Defendants were

---

[5] Similar factual and legal parallels between jail conditions and ICE detention conditions exist for *Ernesto Torres, et al. v. United States Dep't of Homeland Sec., et al.*, No. 5:18-cv-02604-JGB-SHK. Although that case does not center around COVID-19, the issues of how COVID-19 has impacted attorney access and legal communications have been far more fully developed in that case than the COVID-19 issues that were briefly addressed and then speedily dismissed in *Moon*.

7

clearly aware of Plaintiffs' Notice of Related Case well before the Court acted on it. Nevertheless, Defendants inexplicably waited until the case had been properly transferred to this Court to object to Plaintiffs' Notice of Related Case.

### III. Conclusion

For the aforementioned reasons, Plaintiffs respectfully submit that this Court sustain their objections to Defendants' Notice of Related Case.

| | | | |
|---|---|---|---|
| /s/Cassandra Stubbs | /s/ Peter Eliasberg | /s/ Mitchell Kamin | /s/ John Washington |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION | AMERICAN CIVIL LIBERTIES FUND OF SOUTHERN CALIFORNIA | Mitchell Kamin C.A. Bar No. 202788 Aaron Lewis C.A. Bar No. 284244 Brittany Benjamin C.A. Bar No. 323968 COVINGTON & BURLING LLP 1999 Avenue of the Stars Los Angeles, CA 90067-4643 (424) 332-4800 alewis@cov.com mkamin@cov.com bbenjamin@cov.com | John Washington C.A. Bar No. 315991 Schonbrun, Seplow, Harris, Hoffman & Zeldes LLP 11543 W. Olympic Blvd. Los Angeles, CA 90064 (310) 399-7040 jwashington@sshhlaw.com |
| Cassandra Stubbs C.A. Bar No. 218849 Olivia Ensign N.C. Bar No. 50689 Cristina Becker N.C. Bar No. 46793 201 W. Main St., Suite 402, Durham, NC 27701 cstubbs@aclu.org ensign@aclu.or cbecker@aclu.org | Peter Eliasberg C.A. Bar No. 189110 1313 W. Eighth St. Los Angeles, CA 90017 | | |
| Carl Takei C.A. Bar No. 256229 Somil Trivedi D.C. Bar No. 1617967 Clara Spera N.Y. Bar No. 5590229 AMERICAN CIVIL LIBERTIES UNION FOUNDATION 125 Broad Street, 18th Floor New York, NY 10004 | | Stacey Grigsby* D.C. Bar No. 491197 Amia Trigg** C.A. Bar No. 282890 COVINGTON & BURLING LLP One CityCenter 850 Tenth Street NW Washington, DC 20001 (202) 662-6000 sgrigsby@cov.com atrigg@cov.com | s/ Paul Hoffman Paul Hoffman C.A. Bar No. 71244 UNIVERSITY OF CALIFORNIA, IRVINE SCHOOL OF LAW CIVIL RIGHTS LITIGATION CLINIC 401 E. Peltason Dr., Suite 1000, Irvine, CA 92687 (949) 824-0066 |

9

```
ctakei@aclu.org
strivedi@aclu.org
cspera@aclu.org
Zoe Brennan-Krohn**
C.A. Bar No. 324912
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
Disability Rights Program
39 Drumm Street
San Francisco, CA 94111
(415)-343-0769
zbrennan-krohn@aclu.org
```

ATTORNEYS FOR PLAINTIFFS
*pro hac vice application forthcoming*
**C.D. California admission application forthcoming*