MITCHELL KAMIN (SBN 202788)
mkamin@cov.com
AARON LEWIS (SBN 284244)
alewis@cov.com
BRITTANY BENJAMIN (SBN 323968)
bbenjamin@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
Facsimile: (424) 332-4749

CASSANDRA STUBBS (SBN 218849)
cstubbs@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
201 W. Main St., Suite 402
Durham, NC 27701
Telephone: (919) 682-5659
Facsimile: (919) 682-5961
Attorneys for Plaintiffs

[Additional Counsel continued on next page]

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA,

# SOUTHERN DIVISION

| MELISSA AHLMAN, DANIEL KAUWE, MICHAEL SEIF, JAVIER ESPARZA, PEDRO BONILLA, CYNTHIA CAMPBELL, MONIQUE CASTILLO, MARK TRACE, CECIBEL CARIDAD ORTIZ, and DON WAGNER, on behalf of themselves and all others similarly situated, | Civil Case No.: 8:20-cv-835-JGB-SHK |
|---|---|
| *Plaintiffs*, | **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LIMITED EXPEDITED DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | **ORAL ARGUMENT REQUESTED** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DON BARNES, in his official capacity as
Sheriff of Orange County, California; and
ORANGE COUNTY, California,

     *Defendants*.

DATE: June 29, 2020
TIME: 1:00 p.m.
JUDGE: Hon. Jesus G. Bernal
COURTROOM: 1

[Additional Counsel continued from first
page]

STACEY GRIGSBY
sgrigsby@cov.com
AMIA TRIGG (SBN 282890)
atrigg@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5906

OLIVIA ENSIGN
oensign@aclu.org
CRISTINA BECKER
cbecker@aclu.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
201 W. Main St., Suite 402
Durham, NC 27701
Telephone: (919) 682-5659
Facsimile: (919) 682-5961

CARL TAKEI (SBN 256229)
ctakei@aclu.org
SOMIL TRIVEDI
strivedi@aclu.org
CLARA SPERA
cspera@aclu.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION

JOHN WASHINGTON (SBN 315991)
jwashington@sshhlaw.com
SCHONBRUN, SEPLOW, HARRIS,
HOFFMAN & ZELDES LLP
11543 W. Olympic Blvd.
Los Angeles, CA 90064
Telephone: (310) 399-7040
Facsimile: (310) 399-7040

PETER ELIASBERG (SBN 189110)
peliasberg@aclu.org
AMERICAN CIVIL LIBERTIES
FUND OF SOUTHERN
CALIFORNIA
1313 W 8th St
Los Angeles, CA 90017
Telephone: (213) 977-9500

PAUL HOFFMAN (SBN 71244)
hoffpaul@aol.com
UNIVERSITY OF CALIFORNIA,
IRVINE SCHOOL OF LAW CIVIL
RIGHTS LITIGATION CLINIC
401 E. Peltason Dr., Suite 1000
Irvine, CA 92687
Telephone: (949) 824-0066

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 607-3300
Facsimile: (212) 607-3318

ZOE BRENNAN-KROHN (SBN 324912)
zbrennan-krohn@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
Disability Rights Program
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0769
Facsimile: (415) 255-1478

ATTORNEYS FOR PLAINTIFFS

## NOTICE OF MOTION AND MOTION FOR LIMITED EXPEDITED DISCOVERY

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD HEREIN:

NOTICE IS HEREBY GIVEN THAT on June 29, 2020 at 1:00 PM or as soon thereafter as the matter may be heard by the above Court, Named Plaintiffs Melissa Ahlman, Daniel Kauwe, Michael Seif, Javier Esparza, Pedro Bonilla, Cynthia Campbell, Monique Castillo, Mark Trace, Cecibel Caridad Ortiz, and Don Wagner hereby move the Court for entry of an Order allowing targeted expedited discovery of Defendants pursuant to Federal Rules of Civil Procedure 26(d)(1) and 34(a)(2).

In support of their motion, Plaintiffs submit the accompanying Memorandum of Points and Authorities, and incorporate by reference the pleadings and motions on file in this action, and any oral argument or such other matters as the Court may consider.


Dated: June 18, 2020                    Respectfully Submitted,

                                        */s/* Mitchell Kamin
                                        Mitchell Kamin (Bar No. 202788)
                                        *Attorney for Plaintiffs*

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR
LIMITED EXPEDITED DISCOVERY; MEMORANDUM OF
POINTS AND AUTHORITIES
Civil Case No.: 8:20-cv-835-JGB-SHK

1

# **TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................. 1

II.  ARGUMENT ................................................................................... 2

    A.   Standard Of Review .............................................................. 2

    B.   The Posture Of This Case Necessitates Expedited Discovery............. 3

    C.   Plaintiffs' Discovery Requests Are Circumscribed. ........................... 3

    D.   The Discovery Would Assist This Court In Evaluating Both The
Continued Need For Injunctive Relief and to Assess the Merits of the
Case. ................................................................................. 6

    E.   The Need for this Targeted Expedited Discovery Outweighs Any
Prejudice to Defendants. ...................................................... 7

    F.   Due to the Exigency of the Situation, Plaintiffs Request Defendants
Reply to this Motion On an Expedited Basis. ...................................... 8

III.  CONCLUSION................................................................................ 8

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR
LIMITED EXPEDITED DISCOVERY; MEMORANDUM OF
POINTS AND AUTHORITIES
Civil Case No.: 8:20-cv-835-JGB-SHK

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abadia-Peixoto v. U.S. Dep't of Homeland Security*,
    No. CV 11–04001 RS (KAW), 2013 WL 3555668 (N.D. Cal. July 12, 2013) ............. 4

Am. LegalNet, Inc. v. Davis,
    673 F. Supp. 2d 1063 (C.D. Cal. 2009) .......................................................... 2

Carranza v. Reams,
    No. 20-cv-00977-PAB, 2020 WL 2320174 (D. Colo. May 11, 2020) .......................... 2

Kraho GmbH v. Overlord Ltd.,
    No. CV 19-04050-AB (KSx), 2019 WL 8064249 (C.D. Cal. Dec. 20, 2019) ............... 4

KWB & Assocs., Inc. v. Marvin,
    No. EDCV 18-289-DMG (KKx), 2018 WL 5094923 (C.D. Cal. Mar. 6,
    2018) ............................................................................................................ 4

Martinez-Brooks v. Easter,
    No. 3:20-cv-00569 (MPS), 2020 WL 2405350 (D. Conn. May 12, 2020) .................. 2

*Semitool, Inc. v. Tokyo Electron Am., Inc.*,
    208 F.R.D. 273 (N.D. Cal. 2002) .................................................................. 2

**Other Authorities**

Jason Horowitz, *Surviving Covid-19 May Not Feel Like Recovery for Some*,
    N.Y. Times, May 10, 2020 (updated May 29, 2020) ....................................... 6

Fed. R. Civ. P. 26(d)(1) ........................................................................................... 2

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR
LIMITED EXPEDITED DISCOVERY; MEMORANDUM OF
POINTS AND AUTHORITIES
Civil Case No.: 8:20-cv-835-JGB-SHK

ii

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Contrary to first-hand accounts, Defendants continue to represent that they have implemented the CDC Guidance to stem the spread of COVID-19 within the Orange County Jail (the "Jail"). In their appeal of this Court's May 26, 2020 preliminary injunction order, Defendants' motions to stay and to supplement the record insisted that they have mitigated the risk of transmission at the Jail and that circumstances at the Jail have changed, while also claiming that they could not possibly comply with this Court's Order and also ensure the safety of inmates and Jail staff. Mindful of the purpose of appellate review, the Ninth Circuit denied both motions, remanding this case to this Court "for the limited purpose of allowing the parties to present any evidence of changed circumstances that might merit modification or dissolution of the preliminary injunction." Plaintiffs stand at a unique disadvantage in refuting the shifting representations that Defendants are making to the courts. Defendants have refused to voluntarily provide Plaintiffs with concrete information to understand how they have changed their management of the COVID-19 crisis, and indeed have indicated that they have no obligation to give this information absent a discovery request. Ex. A (filed as Dkt. 13-2 in the Ninth Circuit) .[1] Consequently, to assess the extent to which Plaintiffs will continue to suffer imminent harm and to respond to Defendants' representation, Plaintiffs need targeted, expedited discovery.

Plaintiffs served narrowly drawn discovery requests on Defendants the evening of June 16, 2020. The parties met and conferred on June 17, 2020. During the meet and confer, counsel for Defendants stated that they will not agree to expedited discovery, even on a limited basis. This motion for expedited discovery is exempt from Local Rule 7.3 since it relates to a preliminary injunction.

---

[1] Citations styled as "ECF No." refer to docket entries filed in the District Court, and citations styled as "Dkt." refer to entries filed in the Ninth Circuit.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR
LIMITED EXPEDITED DISCOVERY; MEMORANDUM OF
POINTS AND AUTHORITIES
Civil Case No.: 8:20-cv-835-JGB-SHK

1

## II.     ARGUMENT

Plaintiffs have a clear need for expedited discovery, both to be able to assess the risk of illness and death in current Jail conditions but also to be able to assess the risk going forward for the duration of the virus, until vaccines are available.  Without the requested discovery, Plaintiffs will not know the extent of the outbreak now or the likelihood of outbreaks occurring in the future.

### A.     Standard Of Review

Pursuant to Rule 26(d)(1) and this Court's standing order, expedited discovery is warranted.  This Court's standing order provides that "The Court encourages counsel to begin to conduct discovery actively *before* the Scheduling Conference."  Order Setting Scheduling Conference (emphasis in original).[2]  Expedited discovery is also consonant with Rule 26(d)(1), which allows courts to order expedited discovery where there is "good cause" to do so.  *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *Id.*  "Factors commonly considered in determining the reasonableness of expedited discovery include, but are not limited to: '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'"  *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009) (citations omitted).  Other courts have found expedited discovery appropriate in cases concerning the spread of COVID-19 in jails.  *See Martinez-Brooks v. Easter*, No. 3:20-cv-00569 (MPS), 2020 WL 2405350 (D. Conn. May

---

[2] Order Setting Scheduling Conference,
https://www.cacd.uscourts.gov/sites/default/files/documents/JGB/AD/ORDER%20SETTING%20SCHEDULING%20CONFERENCE_Redacted.pdf, pg. 2.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR
LIMITED EXPEDITED DISCOVERY; MEMORANDUM OF
POINTS AND AUTHORITIES
Civil Case No.: 8:20-cv-835-JGB-SHK

2

12, 2020) (ordering parties to participate in expedited discovery); *Carranza v. Reams*, No. 20-cv-00977-PAB, 2020 WL 2320174 (D. Colo. May 11, 2020) (referencing earlier order of expedited discovery).   On the whole, these factors counsel in favor of expedited discovery here.

### B.    The Posture Of This Case Necessitates Expedited Discovery.

Defendants effectively are seeking to modify or dissolve the Preliminary Injunction Order.   Even if a motion for preliminary injunction technically may not be pending, Plaintiffs have an urgent need for the information.   COVID-19 is an extremely infectious and potentially lethal virus.[3]   Indeed, at least two named Plaintiffs have contracted the virus during the pendency of this suit.[4]   Although Plaintiffs successfully sought a preliminary injunction, they have a continuing and immediate need for Defendants to implement measures to protect them from the virus.   Thus, this factor weighs in favor of granting Plaintiffs' motion.

### C.    Plaintiffs' Discovery Requests Are Circumscribed.

The discovery requests are narrowly tailored to examine specific key facts that will help the Court to evaluate all the relevant facts in this extremely time-sensitive case. Plaintiffs have served 16 requests for production of documents, 10 interrogatories, a request to inspect the premises, and a limited number of deposition requests.

- **Requests for Production Nos. 1, 2, 8, 9, 10, 11, 12:** These requests seek data on the number of detainees and staff who have contracted COVID-19 at the Jail.  Defendants contend that all but a few dozen detainees have "recovered." To understand how Defendants are measuring recovery, Plaintiffs need to review and analyze this information.

- **Requests for Production Nos. 2-7, 9, 13, 14, 15, 16**: Defendants claim that they have implemented all the CDC Guidance yet that it would be unsafe to

---

[3] ECF No. 65 at 3.

[4] ECF No. 57-1 (referring to Cecibel Ortiz's recent positive test for COVID-19).

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LIMITED EXPEDITED DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES
Civil Case No.: 8:20-cv-835-JGB-SHK

3

comply with the Court's order.  These requests ask for updated policies and records to demonstrate how Defendants are in compliance with the Guidance, including any changes to Defendants' COVID-19 policies.

- **Interrogatories Nos. 1-5:** These interrogatories seek data on detainees and staff who have contracted COVID-19 at the Jail, and information on housing and changes in housing for inmates who have tested positive.  Defendants contend that all but a few dozen detainees have "recovered."  To understand how Defendants are measuring recovery, Plaintiffs need to review and analyze this information.  Plaintiffs also need to review and analyze housing information to understand whether Defendants are following CDC Guidance and the Court's Order.

- **Interrogatory No. 6:**  This interrogatory seeks the number of tests of inmates and staff that have been lost or are otherwise unable to be currently located and matched with the individual who took a specific test.  Plaintiffs understand that Defendants have lost tests and if this is the case, this would raise serious questions about the accuracy of Defendants' representations with regard to which individuals have tested positive and how many inmates have tested positive for COVID-19 in the Jail.

- **Interrogatory Nos. 7-9**:  These interrogatories seek information on individuals at the Jail who are medically vulnerable to COVID-19.  Plaintiffs need to review and analyze this information in order to assess the issue of irreparable harm and facts relevant to the claims in the case.

- **Interrogatory No. 10**:  This interrogatory seeks information on the number of hot meals provided on daily basis to inmates in each housing unit of the Jail.

- **Deposition requests:** Plaintiffs request the depositions of Commander Joseph Balicki, Erin Winger, Dr. C. Hsien Chiang, and deputies who work in each of the Jail's housing units, to assess Defendants' compliance with the Guidance,

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LIMITED EXPEDITED DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES
Civil Case No.: 8:20-cv-835-JGB-SHK

4

including any changes to Defendants' COVID-19 policies.

- **Request to inspect the Jail:** Plaintiffs request access to the Jail in order to assess the adequacy of Defendants' policies to reduce the spread of COVID-19, and the adequacy of the implementation of said policies. Plaintiffs need this targeted discovery to determine irreparable harm and to help the Court determine whether Defendants have adopted appropriate practices to prevent the spread of the virus, especially in light of Defendants' desire to dissolve or modify the Preliminary Injunction Order, and their new representations about the current allegedly safer conditions of the Jail.

These discovery requests are designed to assess the risk of irreparable harm, including serious illness and death, in current Jail conditions and to assess the risk going forward for the duration of the virus, until vaccines are available.

All of the discovery requests will assist the Court on the targeted remand to assess what the true current conditions of the Jail are. Defendants have also made representations about many important concepts, such as testing and rates of recovery from COVID-19, that are vague and potentially misleading and therefore Plaintiffs seek relevant targeted discovery to understand in more detail how Defendants are using these terms.

As referenced above, in addition their requests for production, Plaintiffs propose a physical inspection of the Jail to view the actual conditions inside the Jail. *See Abadia-Peixoto v. U.S. Dep't of Homeland Security*, No. CV 11–04001 RS (KAW), 2013 WL 3555668, \*3 (N.D. Cal. July 12, 2013) ("Litigation involving prison conditions necessitates at least some real-time observation to ascertain the conditions in which prisoners reside, and even then they are often limited, especially when other discovery devices are less intrusive."). Interviews and depositions with Jail staff who directly implement policy will similarly provide key evidence of Defendants' implementation and enforcement of their COVID-19 policies.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR
LIMITED EXPEDITED DISCOVERY; MEMORANDUM OF
POINTS AND AUTHORITIES
Civil Case No.: 8:20-cv-835-JGB-SHK

5

1

2

### D. The Discovery Would Assist This Court In Evaluating Both The Continued Need For Injunctive Relief and to Assess the Merits of the Case.

3    Plaintiffs need this targeted discovery to determine irreparable harm and to help the

4    Court determine whether Defendants have adopted appropriate practices to prevent the

5    spread of the virus, especially in light of Defendants' desire to dissolve or modify the

6    Preliminary Injunction Order, and their new representations about the current allegedly

7    safer conditions in the Jail.  The Ninth Circuit remanded this case to allow the parties the

8    opportunity to introduce new evidence of any changed circumstances that might warrant

9    modification of the preliminary injunction.

10    Courts routinely find good cause for expedited discovery in proceedings involving

11    emergency injunctive relief.  *See, e.g., Kraho GmbH v. Overlord Ltd.*, No. CV 19-04050-

12    AB (KSx), 2019 WL 8064249, at *2 (C.D. Cal. Dec. 20, 2019) ("Good cause for expedited

13    discovery is frequently found … in cases where the plaintiff seeks a preliminary

14    injunction.").  This case is no different than where a motion for preliminary injunction is

15    pending.  Here, discovery would shed light on the continuing need for preliminary

16    injunctive relief.  *Id.* (granting expedited discovery where the plaintiff was seeking

17    injunctive relief and "without discovery… cannot make an informed determination of the

18    type of relief and the scope of relief that is warranted."); *KWB & Assocs., Inc. v. Marvin*,

19    No. EDCV 18-289-DMG (KKx), 2018 WL 5094923, at *3 (C.D. Cal. Mar. 6, 2018)

20    (granting expedited discovery when a preliminary injunction was pending and plaintiffs

21    sought "an opportunity to cross-examine Defendants regarding their declarations in order

22    to support their Motion for Preliminary Injunction.").

23    Here, Defendants claim that they have successfully implemented adequate measures

24    to ensure safe conditions.  As detailed above, Defendants made these claims through

25    declarations and filings that directly contradict declarations from individuals housed in the

26    Jail as well as Defendants' own statements.  Limited discovery of the kind Plaintiffs request

27    is necessary to establish the type and scope of relief warranted.

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR
LIMITED EXPEDITED DISCOVERY; MEMORANDUM OF
POINTS AND AUTHORITIES
Civil Case No.: 8:20-cv-835-JGB-SHK

6

### E. The Need for this Targeted Expedited Discovery Outweighs Any Prejudice to Defendants.

In light of the Ninth Circuit's remand of the case for additional factual findings, and the overall urgent need to move this case forward so the Court can reach a decision on the merits, Plaintiffs' need for expedited discovery greatly outweighs any prejudice to Defendants.

Defendants would have to collect various documents, but the time to assemble these documents is minimal. Defendants certainly must have reviewed the documents before making representations to two courts that they are in full compliance with the CDC Guidance and that the number of COVID-19 active cases in the Jail has declined.[5] Defendants would also have to allow Plaintiffs' counsel and perhaps one expert to observe conditions at the Jail, but this should impose minimal burden on Defendants. Plaintiffs are willing to minimize the time for the inspection and coordinate a mutually convenient date with Defendants. Finally, Plaintiffs request a limited number of depositions of a limited scope to understand Defendants' new evidence, which they presented in the motion to supplement the record. Among the others specified above, Plaintiffs seek to depose Commander Balicki as well as Defendants' medical provider Dr. Chiang. Both of these individuals submitted supplemental declarations in Defendants' appeal of the Preliminary Injunction Order. Plaintiffs would limit the depositions of these witnesses to general background and the substance of their declarations submitted for this case.

On the other hand, the class will be greatly—perhaps fatally—burdened if they have to wait for the routine protracted nature of discovery common in litigation. As described in previous briefing, this virus is highly contagious, with risks to health that are still being

---

[5] Dkt. 15-1 at 4 and 8.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LIMITED EXPEDITED DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES
Civil Case No.: 8:20-cv-835-JGB-SHK

7

discovered, including potential long-term health consequences even for those who have "recovered" from COVID-19.[6]

### F.    Due to the Exigency of the Situation, Plaintiffs Request Defendants Reply to this Motion On an Expedited Basis.

For all the reasons elaborated above detailing the urgency of this matter, including the need to confirm whether Defendants are in compliance with the Court's Order from several weeks ago, Plaintiffs request that the Court order Defendants to respond to this Motion on or before June 22, 2020.

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion for Expedited Discovery.

---

[6] Jason Horowitz, *Surviving Covid-19 May Not Feel Like Recovery for Some*, N.Y. Times, May 10, 2020 (Updated May 29, 2020).

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LIMITED EXPEDITED DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES
Civil Case No.: 8:20-cv-835-JGB-SHK

8

/s/Cassandra Stubbs
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
Cassandra Stubbs
C.A. Bar No. 218849
Olivia Ensign
N.C. Bar No. 50689
Cristina Becker
N.C. Bar No. 46793
201 W. Main St., Suite 402, Durham, NC 27701
cstubbs@aclu.org
ensign@aclu.or
cbecker@aclu.org

Carl Takei
C.A. Bar No. 256229
Somil Trivedi
D.C. Bar No. 1617967
Clara Spera
N.Y. Bar No. 5590229
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
ctakei@aclu.org
strivedi@aclu.org
cspera@aclu.org

/s/ Peter Eliasberg
AMERICAN CIVIL LIBERTIES FUND OF SOUTHERN CALIFORNIA
Peter Eliasberg
C.A. Bar No. 189110
1313 W. Eighth St.
Los Angeles, CA 90017

/s/ Mitchell Kamin
Mitchell Kamin
C.A. Bar No. 202788
Aaron Lewis
C.A. Bar No. 284244
Brittany Benjamin
C.A. Bar No. 323968
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
(424) 332-4800
alewis@cov.com
mkamin@cov.com
bbenjamin@cov.com

Stacey Grigsby
D.C. Bar No. 491197
Amia Trigg
C.A. Bar No. 282890
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
(202) 662-6000
sgrigsby@cov.com
atrigg@cov.com

/s/ John Washington
John Washington
C.A. Bar No. 315991
Schonbrun, Seplow, Harris, Hoffman & Zeldes LLP
11543 W. Olympic Blvd.
Los Angeles, CA 90064
(310) 399-7040
jwashington@sshhlaw.com

s/ Paul Hoffman
Paul Hoffman
C.A. Bar No. 71244
UNIVERSITY OF CALIFORNIA, IRVINE SCHOOL OF LAW
CIVIL RIGHTS LITIGATION CLINIC
401 E. Peltason Dr., Suite 1000, Irvine, CA 92687
(949) 824-0066

Zoe Brennan-Krohn
C.A. Bar No.
324912
AMERICAN CIVIL
LIBERTIES
UNION
FOUNDATION
Disability Rights
Program
39 Drumm Street
San Francisco, CA
94111
(415)-343-0769
zbrennan-
krohn@aclu.org

ATTORNEYS FOR PLAINTIFFS

Dated: June 18, 2020

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of June 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

D. Kevin Dunn
Kayla Nicole Watson
Laura D. Knapp
Rebecca Sorgen Leeds
Office of the County Counsel
County of Orange
333 West Santa Ana Boulevard Suite 407
P O Box 1379
Santa Ana, CA 92702-1379
714-834-3300
Fax: 714-834-2359
Email: kevin.dunn@coco.ocgov.com
Email: kayla.watson@coco.ocgov.com
Email: laura.knapp@coco.ocgov.com
Email: rebecca.leeds@coco.ocgov.com
Attorneys for Defendants

/s/ Mitchell Kamin
Mitchell Kamin