LEON J. PAGE, COUNTY COUNSEL
LAURA D. KNAPP, SUPERVISING DEPUTY (CA SBN 162800)
laura.knapp@coco.ocgov.com
D. KEVIN DUNN, SENIOR DEPUTY (CA SBN 194604)
kevin.dunn@coco.ocgov.com
REBECCA S. LEEDS, SENIOR DEPUTY (CA SBN 221930)
rebecca.leeds@coco.ocgov.com
KAYLA N. WATSON, DEPUTY (CA SBN 286423)
kayla.watson@coco.ocgov.com
333 West Santa Ana Boulevard, Suite 407
Post Office Box 1379
Santa Ana, California 92702-1379
Telephone: (714) 834-3300
Facsimile: (714) 834-2359

Attorneys for Defendants DON BARNES
and ORANGE COUNTY, CALIFORNIA

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MELISSA AHLMAN, DANIEL KAUWE, MICHAEL SEIF, JAVIER ESPARZA, PEDRO BONILLA, CYNTHIA CAMPBELL, MONIQUE CASTILLO, MARK TRACE, CECIBEL CARIDAD ORTIZ, and DON WAGNER, on behalf of themselves and all others similarly situated, *et al.*,<br><br>Plaintiffs/Petitioners,<br><br>v.<br><br>DON BARNES, in his official capacity as Sheriff of Orange County, California; and ORANGE COUNTY, CALIFORNIA.<br><br>Defendants/Respondents. | Case No.   8:20-cv-00835-JGB-SHK<br><br>Assigned to the Honorable Jesus G. Bernal & Magistrate Judge Shashi H. Kewalramani<br><br>**DISCOVERY MATTER - OPPOSED**<br><br>**DEFENDANTS' OPPOSITION TO AND REQUEST TO STRIKE PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY [83] AND *FIRST* EX PARTE APPLICATION [89]**<br><br>Action Filed:          April 30, 2020 |

## I.    ARGUMENT

Plaintiffs' Motion for Expedited Discovery filed on June 18, 2020 [ECF 83] ("Motion") and subsequent *FIRST* Ex Parte Application for Shortening Time on the Motion for Expedited Discovery filed on June 23, 2020 [ECF 89] seek discovery in support of their

-1-

continued litigation of this matter despite the case's limited remand from the Ninth Circuit to allow this Court to consider modifying or dissolving an existing order [ECF 65] and without abiding by a single discovery rule imposed by this Court, the Local Rules ("LR") or the Federal Rules of Civil Procedure ("FRCP"). Accordingly, Plaintiffs' Motion and Ex Parte Application should be stricken.

**(1)** **<u>Plaintiffs failed to follow this Court's Standing Order by properly routing their Motion to the Magistrate Judge, Honorable Shashi H. Kewalramani, rather than to this Court.</u>** See the Court's Standing Order: ECF 56 at ¶ 8.

**(2)** **<u>Plaintiffs failed to follow Judge Kewalramani's Procedures which state:</u>**

a. <u>Procedure Rule 3</u>: Discovery matters are to be scheduled before the magistrate judge only if referred by the district judge, which in this case they have. *See* Order re Transfer and the Court's Standing Order: ECF 34, 56. ***Strict compliance with LR 37 is required.***

    i. LR 37-1 requires a preconference of counsel:

"Before filing *any* motion relating to discovery under [FRCP] 26-37, counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many disputes as possible…Unless relieved by written order of the Court ***upon good cause shown***, counsel for the opposing party must confer with counsel for the moving party within ten days after the moving party serves a letter requesting such conference. The moving party's letter must identify each issue/request and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request, and specify the terms of the discovery order to be sought." [Emphasis added.]

    ii. LR 37-2 requires Plaintiffs to file a joint stipulation with the notice of motion:

> "The Court will not consider any discovery motion in the absence of a joint stipulation or a declaration from counsel for the moving party establishing that opposing counsel (a) failed to confer in a timely manner under L.R. 37-1; (b) failed to provide the opposing party's portion of the joint stipulation in a timely manner under L.R. 37-2.2; or (c) refused to sign and return the joint stipulation after the opposing party's portion was added." LR 37-2.4.

    iii.    LR 37-3 prohibits ex parte discovery motions:

> "Unless the Court in its discretion otherwise allows, no discovery motions may be filed or heard on an ex parte basis absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party."

Plaintiffs failed to follow any part of LR 37.  Plaintiffs failed to (1) serve a letter on Defendants' counsel identifying the discovery issues and the basis for such discovery, (2) failed to thereafter meet and confer, (3) have not shown good cause to warrant a court order relieving Plaintiffs of this obligation, (4) failed to file a joint stipulation or declaration from counsel pursuant to LR 37-2.4, and (5) failed to show irreparable injury warranting ex parte relief.

    b.    <u>Procedure Rule 4</u>:

> "In order to facilitate the just and expedient resolution of discovery matters and to conserve the parties' and Court's resources, the Court requires the parties the follow the following procedure for filing discovery motions."

Procedure Rule 4 further requires a meet and confer under LR 37-1 (as stated above) and once the parties have reached an impasse, within 24 hours, the movant *must* email the Judge seeking a telephonic conference with the Court to discuss the discovery dispute.  In bold, Procedure Rule 4 states: "**Discovery Motion(s) <u>shall not</u> be filed with the Court until the Court has conducted its pre-motion telephonic conference** unless the movant seeks leave of Court by filing an ex parte application.  **The Court may strike any**

**discovery motion filed in violation of the Rule and Procedure**." Emphasis added. in parts.

Plaintiffs failed to do any of this. While Plaintiffs did file an ex parte application, nowhere do they request leave of Court to bypass the Pre-Motion Telephonic Conference. Moreover, while Procedure Rule 5 allows a party to bypass Procedure Rule 4 if the party to the dispute is in custody, Plaintiffs' Ex Parte Application is silent in this regard. Indeed, Plaintiffs only sought ex parte relief after this Court denied their requested June 29, 2020 hearing date for their improperly noticed Motion. ECF 88. Nevertheless, regardless of whether the Court finds this Motion falls within the exception carved out by Procedure Rule 5, Plaintiffs' Motion and Ex Parte Application constitute a wholesale violation of Rule 5 and should therefore be stricken. (See below.)

    c.    <u>Procedure Rule 5:</u>

> Please note that, absent an emergency, ex parte applications are not an acceptable method of bringing a discovery dispute to the attention of the Court. Ex parte applications shall identify in the caption whether "OPPOSED" or "UNOPPOSED" and shall also identify in the caption whether the relief being sought has been previously sought via ex parte application.

Plaintiffs have improperly brought an ex parte application regarding a discovery dispute, without meeting and conferring with counsel, without attempting to schedule a Pre-Motion Telephonic Conference with this Court and without following any of the other Local Rules, Judge's Procedures, or FRCPs. Therefore, the Motion and Ex Parte Application should be stricken in their entirety and sanctions imposed pursuant to LR 37-4.

**(3)** <u>**Plaintiffs failed to abide by L. R. 7-3:**</u>

Plaintiffs allege that their Motion is exempt from LR 7-3 because it relates to a preliminary injunction. ECF 83, lns. 23-24. However, LR 7-3 only provides an exception when a party is *applying* for a preliminary injunction. Plaintiffs are not applying for a preliminary injunction here and, moreover, Plaintiffs have already successfully obtained a

-4-

preliminary injunction without discovery. LR 7-3 also provides an exception for discovery motions; however, those motions are governed by LR 37-1 through 37-4, none of which Plaintiffs complied with, as stated above.

Plaintiffs' reliance upon LR 7-3 is unsupported and the Court should deny Plaintiffs' Motion and Ex Parte Application.

**(4)   Plaintiffs failed to abide by Fed. R. Civ. P. 26:**

Plaintiffs cite to Rule 26(d)(1) and this Court's Standing Order to support their position that expedited discovery is warranted. However, Rule 26(d)(1) states:

> "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." *Id.*

The Court's Standing Order states:

> "All discovery matters have been referred to a United States Magistrate Judge…Counsel shall deliver mandatory chambers copies of discovery-related papers to the Magistrate Judge assigned the case rather than to this Court." ECF 56.

Plaintiffs failed to abide by Fed. R. Civ. P. 26 and this Court's Standing Order, as well as the Magistrate Judge's Rules and Procedures, as stated above.

Moreover, as described more fully in Defendants' Ex Parte Application to Dissolve Preliminary Injunction or Alternatively, to Set Expedited Evidentiary Hearing to Dissolve Preliminary Injunction filed on June 19, 2020 [ECF 86], the PLRA requires that a district court "promptly rule" on requests to modify or lift preliminary injunctions in PLRA lawsuits, Plaintiffs' discovery demands notwithstanding. Mandamus lies to enforce this. A decision by this Court to permit Plaintiffs' premature discovery now will not only prevent this Court from issuing a "prompt ruling" as the PLRA requires but, more importantly, it would impede this Court's compliance with the Ninth Circuit remand order. Plaintiffs would prefer to embark on a discovery expedition rather than follow the Ninth Circuit's

directive for this Court to consider additional evidence regarding the preliminary injunction.

Plaintiffs already used their best efforts to obtain an order in their favor. Their purported basis for emergency relief is to determine "whether, and to what extent, Defendants are complying with the Preliminary Injunction." ECF 89. This is not grounds for emergency relief, as it is Plaintiffs' burden to prove that Defendants have failed to comply with an Order. Plaintiffs' improper Motion is nothing short of an attempt to shift the burden to Defendants to prove Plaintiffs' case. Moreover, the very essence of Plaintiffs' discovery demands are already contained in exhibits and sworn declarations, or would otherwise be available to Plaintiffs' counsel simply by speaking to their own clients. Defendants should not be required to affirmatively prove Plaintiffs' case when the information is readily available to them.

## II. CONCLUSION

For all the forgoing reasons, Defendants respectfully request that this Court strike Plaintiffs' Motion for Expedited Discovery filed on June 18, 2020 [ECF 83] and subsequent *FIRST* Ex Parte Application for Shortening Time on the Motion for Expedited Discovery filed on June 23, 2020 [ECF 89] for failing to comply with the Magistrate Judge's Procedures, the Court's Local Rules and the Federal Rules of Civil Procedure. Moreover, sanctions should be imposed against Plaintiffs pursuant to LR 37-4 for Plaintiffs' failure to cooperate with counsel. Furthermore, Defendants reserve their right to file a supplemental opposition should Plaintiffs' Ex Parte Application and Motion not be stricken.

Respectfully submitted,

LEON J. PAGE, COUNTY COUNSEL
KAYLA N. WATSON, DEPUTY

DATED: June 19, 2020          By:   __/S/_____
                                    Kayla N. Watson, Deputy

Attorneys for Defendants DON BARNES
and ORANGE COUNTY, CALIFORNIA

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

# CERTIFICATE OF SERVICE

I do hereby declare that I am a citizen of the United States employed in the County of Orange, over 18 years old and that my business address is 333 W. Santa Ana Blvd., Ste. 407, Santa Ana, California 92701; and my e-mail address is simon.perng@coco.ocgov.com. I am not a party to the within action.

[ ] (BY U.S. MAIL) On _____, I caused the document, **DEFENDANTS' OPPOSITION TO AND REQUEST TO STRIKE PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY [83] AND *FIRST* EX PARTE APPLICATION [89]**, to be placed in an envelope(s) addressed as shown below (last known addresses) for collection and mailing at Santa Ana, California, following our ordinary business practices. I am readily familiar with this office's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

[**X**] (BY CM/ECF) On **June 24, 2020**, I caused the aforementioned document to be served upon all counsel of record in this action who are registered with the United States District Court's CM/ECF system and listed below by utilizing the United States District Court's CM/ECF system:

MITCHELL KAMIN (SBN 202788)
mkamin@cov.com
AARON LEWIS (SBN 284244)
alewis@cov.com
BRITTANY BENJAMIN (SBN 323968)
bbenjamin@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
Facsimile: (424) 332-4749

CASSANDRA STUBBS (SBN 218849)
cstubbs@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
201 W. Main St., Suite 402
Durham, NC 27701
Telephone: (919) 682-5659
Facsimile: (919) 682-5961

STACEY GRIGSBY*
sgrigsby@cov.com
AMIA TRIGG** (SBN 282890)
atrigg@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5906

JOHN WASHINGTON (SBN 315991)
jwashington@sshhlaw.com
SCHONBRUN, SEPLOW, HARRIS, HOFFMAN & ZELDES LLP
11543 W. Olympic Blvd.
Los Angeles, CA 90064
Telephone: (310) 399-7040
Facsimile: (310) 399-7040

PETER ELIASBERG (SBN 189110)
peliasberg@aclu.org
AMERICAN CIVIL LIBERTIES FUND OF SOUTHERN CALIFORNIA
1313 W 8th St
Los Angeles, CA 90017
Telephone: (213) 977-9500

PAUL HOFFMAN (SBN 71244)
hoffpaul@aol.com
UNIVERSITY OF CALIFORNIA, IRVINE SCHOOL OF LAW CIVIL RIGHTS LITIGATION CLINIC
401 E. Peltason Dr., Suite 1000
Irvine, CA 92687
Telephone: (949) 824-0066

CARL TAKEI
ctakei@aclu.org
SOMIL TRIVEDI*
strivedi@aclu.org
CLARA SPERA*
cspera@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

| | |
|---|---|
| OLIVIA ENSIGN*<br>oensign@aclu.org<br>CRISTINA BECKER*<br>cbecker@aclu.org<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>201 W. Main St., Suite 402<br>Durham, NC 27701<br>Telephone: (919) 682-5659<br>Facsimile: (919) 682-5961 | 125 Broad Street, 18th Floor<br>New York, NY 10004<br>Telephone: (212) 607-3300<br>Facsimile: (212) 607-3318<br><br>ZOE BRENNAN-KROHN** (SBN 324912)<br>zbrennan-krohn@aclu.org<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>Disability Rights Program<br>39 Drumm Street<br>San Francisco, CA 94111<br>Telephone: (415)-343-0769<br>Facsimile: (415) 255-1478 |

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed in Santa Ana, California this 24th day of June, 2020

_____/S/_____
Simon Perng