UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  **SACV 20-00835 JGB (SHKx)**  Date  June 26, 2020

Title  *Melissa Ahlman, et al. v. Don Barnes, et al.*

Present: The Honorable  JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**  Order (1) DENYING Defendants' Ex Parte Application to Dissolve Injunction (Dkt. No. 86); (2) GRANTING Plaintiffs' Motion for Expedited Discovery (Dkt. No. 83); (3) DENYING Plaintiff's Ex Parte Application to Shorten Time (Dkt. No. 89); and (4) VACATING the July 20, 2020 Hearing (IN CHAMBERS)

Before the Court is (1) an Ex Parte Application to Immediately Dissolve Preliminary Injunction file by Defendants Don Barnes and Orange County; (2) a Motion for Expedited Discovery filed by Plaintiffs Melissa Ahlman, Pedro Bonilla, Cynthia Campbell, Monique Castillo, Javier Esparza, Daniel Kauwe, Cecibel Caridad Ortiz, Michael Seif, Mark Trace, and Don Wagner. ("Application," Dkt. No. 86; "Motion," Dkt. No. 83.)  The Court finds these matters appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support of and in opposition to the Motion, the Court DENIES the Application and GRANTS the Motion.[1]  The Court VACATES the hearing set for July 20, 2020 on the Motion.

## I.  BACKGROUND

On May 26, 2020, the Court issued an injunction compelling Defendants to implement several practices within the Orange County Jails to quell the spread of COVID-19.  ("PI Order," Dkt. No. 65.)  Defendants then requested that both this Court and the Ninth Circuit stay the injunction.  (Dkt. Nos. 66, 68.)  Those requests were denied.  (Dkt. Nos. 72, 75, 80.)

---

[1] Plaintiffs' ex parte application to shorten the time for the Motion hearing is DENIED AS MOOT.  (See Dkt. No. 89.)

On June 18, 2020, Plaintiff filed a motion requesting expedited discovery. (Motion.) Defendants filed an ex parte application requesting that the Court immediately dissolve the preliminary injunction on June 19, 2020. (Application.)

## II.   DISCUSSION

After finding that Defendants' response to the COVID-19 outbreak in Orange County Jail was inadequate, the Court ordered Defendants to implement several remedial measures aimed at stopping the spread of the disease. (See PI Order.) Now, Defendants seek to dissolve that injunction, arguing that it is no longer necessary. The request is premature.

Dissolution of a preliminary injunction is only proper only if there has been a significant change that renders the original preliminary injunction inequitable. Alto v. Black, 738 F3d 1111, 1120 (9th Cir. 2013). Defendants insist that the rate of infection is now zero. (Application at 5.) However, they support this assertion with their own evidence and testimony from County employees. Certainly, the County employees are incentivized to submit evidence that will support the County's position.

Before the Court can conclude that the circumstances have truly changed in such a way to warrant dissolution of the injunction, Plaintiffs must have the opportunity to evaluate Defendants' evidence and determine whether other evidence contradicts it. Because it would serve both parties' interests to quickly determine the actual state of the outbreak, there is good cause for ordering expedited discovery. See Fed. R. Civ. Pro. 26(d)(1); Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002) ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.")

Moreover, even though Defendants now insist that there is zero transmission within the Jail, they acknowledge that there are still six active cases. (Application at 5.) As Defendants have previously demonstrated, six cases can rapidly become three hundred in the absence of sufficient mitigating measures. The country remains deep in the throes of the outbreak—tens of thousands of new cases are still being reported every day.[2] Even if Defendants have dropped the transmission rate to zero, it is certainly not time yet to draw down preventative measures—unless Defendants consistently implement those steps outlined in the injunctive order, a second spike is likely occur.

Defendants have repeatedly insisted that they are going above and beyond what is necessary to stop the spread of infection—including implementing all the measures that the court ordered with the injunction. (See, e.g., Dkt. No. 44-10 ¶ 2 ("OCSD has, at a minimum already implemented all of the mitigation efforts outlined in plaintiffs' request for relief.").) Yet they have filed four separate requests asking to be relieved of the obligation to do what they have long

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html

claimed to be doing. And they refuse to provide Plaintiffs with any information regarding their compliance with the Court's order. (Application, Exhibit A.)

### III.   CONCLUSION

For the reasons above, the Court:

1. DENIES Defendants' Application;

2. GRANTS Plaintiffs' Motion;

3. ORDERS that by July 8, 2020, (1) Defendants will serve responses to all outstanding written discovery, (2) the parties will agree on a date for inspection of the Jail to be no later than July 15, 2020, and (3) the parties will agree on a time and date for the video depositions of Erin Winger, Dr. C. Hsien Chiang, and Commander Joseph Balicki to be no later than July 15, 2020;

4. ORDERS the parties to meet and confer regarding additional discovery;

5. ORDERS Defendants to submit weekly updates to Plaintiffs regarding compliance with the injunction so long as the injunction remains in effect;

6. ADMONISHES both parties to fully comply with the entirety of this Order and all other orders applicable to this case—failure to do so will result in sanctions;

7. VACATES the hearing set for July 20, 2020 on the Motion.

8. DENIES as moot Plaintiffs' ex parte application to shorten the time for the Motion hearing (See Dkt. No. 89.).

**IT IS SO ORDERED.**